# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESUS OROZCO ARROYO, | : | 4:19-CV-00490 |
| Petitioner, | : | (Brann, J.) |
| v. | : | (Schwab, C.M.J.) |
| WARDEN CLAIR DOLL, Warden, *et al.*, | : | Electronically Filed |
| Respondents. | : | |

## **REPLY TO RESPONDENT'S SUPPLEMENTAL RESPONSE**

On March 19, 2019, Orozco Arroyo, through counsel, filed a petition for writ of habeas corpus seeking either a bond hearing or his immediate release.  (Doc. 1 at 11-12.)   On March 22, 2019, the Court issued an order directing Respondents to show cause why Orozco Arroyo was not entitled to habeas relief.  (Doc. 2.)   On April 11, 2019, Respondent filed a response.  (Doc. 4.)   On May 14, 2019, the Court ordered Respondents to address Orozco Arroyo's argument that his criminal convictions do not subject him to mandatory detention. (Doc. 5.)   Respondents submitted their Supplemental Response to this Court on May 28, 2019.   (Doc. 6.) Orozco Arroyo now submits this Reply.

**Argument**

Orozco Arroyo is not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). While it is true that Orozco Arroyo was convicted of possessing drug paraphernalia under 35 Pa. C.S. § 780-113(a)(32) on April 26, 2018, that conviction only subjects him to mandatory detention under 8 U.S.C. § 1226(c) if a conviction for possessing drug paraphernalia under 35 Pa. C.S. § 780-113(a)(32) "relates to" a controlled substance as described in 8 U.S.C. § 1227(a)(2)(B)(i). (Doc. 1; Ex. D, Removal Order.)

In Mellouli v. Lynch, the Supreme Court held that a state law conviction for possession of drug paraphernalia did not trigger removal under 8 U.S.C. § 1227(a)(2)(B)(i) because the Government must "connect" an element of the conviction to a drug defined in the explicitly mentioned schedule at 21 U.S.C. § 802. No "controlled substance (as defined in [section 802])" existed in Mellouli, so petitioner's drug paraphernalia conviction did not trigger his removal." Patel v. Attorney General, 655 Fed. Appx. 91, 94-95 (3d Cir. 2016); see Mellouli v. Lynch, 135 S.Ct. 1980 (2015). The case (Hussein v. Attorney Gen. of U.S., 413 F. App'x 431, 435 (3d Cir. 2010)) that Respondent cites in its Supplemental Response is not precedential and the case does not involve the specific question at issue here. (Doc. 6.)

        Respectfully submitted,

        By:   <u>s/ Marcia Binder Ibrahim</u>
                Marcia Binder Ibrahim
                PA 31061
                Attorney for Petitioner
                Law Office of Marcia Binder Ibrahim, LLC
                222 South Broad Street
                Lansdale, PA 19446
                mbi@good-lawyer.com
                T.: (215) 362-2478
                F.: (215) 362-9027

Dated:   June 11, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESUS OROZCO ARROYO, | : | 4:19-CV-00490 |
| Petitioner, | : | (Brann, J.) |
| v. | : | (Schwab, C.M.J.) |
| WARDEN CLAIR DOLL, Warden, *et al.*, | : | Electronically Filed |
| Respondents. | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 11, 2019, she served a copy of the attached

## REPLY TO RESPONDENT'S SUPPLEMENTAL RESPONSE

by electronic service pursuant to Local Rule 5.7 and Standing Order 04-6, ¶ 12.2 to the following individuals:

Addressee(s):

Joanne M. Hoffman
Assistant U.S. Attorney
228 Walnut Street
Harrisburg, PA 17101
Joanne.Hoffman@usdoj.gov

                                                s/ Marcia Binder Ibrahim
                                                Marcia Binder Ibrahim
                                                Attorney for Petitioner